OPINION
{¶ 1} Defendant-appellant, Daniel Pakulniewicz, appeals his conviction and sentence in the Mahoning County Common Pleas Court for multiple counts of rape and gross sexual imposition, including his classification as a sexual predator.
 {¶ 2} On March 27, 2003, a Mahoning County grand jury indicted appellant as follows: thirty-seven counts of rape, in violation of R.C. 2907.02(A)(1)(B), first-degree felonies; eight counts of gross sexual imposition in violation of R.C.2907.05(A)(4)(B), third-degree felonies; and four counts of gross sexual imposition in violation of R.C. 2907.05(A)(1)(B), fourth-degree felonies.
 {¶ 3} On July 24, 2004, a Mahoning County grand jury issued a superseding indictment amending the March 27, 2003 indictment as follows: counts one through thirty-two, rape in violation of R.C.2907.02(A)(2)(B), first-degree felonies, adding the language that appellant purposely compelled the victim to submit by force or threat of force, and adding a sexually violent predator specification to each count pursuant to R.C. 2941.148(A); counts thirty-three through thirty-seven, felony-life rape, in violation of R.C. 2907.02(A)(1)(b)(B), adding the language that appellant purposely compelled the victim to submit by force or threat of force, and adding a sexually violent predator specification to each count pursuant to R.C. 2941.148(A); counts thirty-eight through forty-one, gross sexual imposition, in violation R.C.2907.05(A)(1)(B), fourth-degree felonies, remained the same unamended; counts forty-two and forty-three, gross sexual imposition, in violation of R.C. 2907.05(A)(4)(B), third-degree felonies, remained the same unamended, but added a sexually violent predator specification to each count pursuant to R.C.2941.148(A); and counts forty-four and forty-five, gross sexual imposition, in violation R.C. 2907.05(A)(1)(B), fourth-degree felonies remained the same unamended.
 {¶ 4} Appellant pleaded not guilty and was appointed counsel. The case proceeded to numerous pretrial matters. Subsequently, appellant and plaintiff-appellee, State of Ohio, reached a Crim.R. 11(F) plea agreement. On January 20, 2005, appellant pleaded guilty to all of the counts in the July 24, 2004 superseding indictment as follows: counts one through thirty-two, rape, first-degree felonies; counts thirty-three through thirty-seven, rape, first-degree felonies, eliminating the life specification language; counts thirty-eight through forty-one, gross sexual imposition, fourth-degree felonies; counts forty-two and forty-three, gross sexual imposition, third-degree felonies; and counts forty-four and forty-five, gross sexual imposition, fourth-degree felonies. Also appellant pleaded guilty to sexual predator specifications on counts one through thirty-seven and counts forty-two and forty-three.
 {¶ 5} On March 24, 2005,[1] the trial court sentenced appellant to a total prison term of forty years as follows. On rape counts one, two, three, and four, the trial court sentenced appellant to the maximum term of ten years in prison on each count to be served consecutive to one another. On rape counts five through thirty-seven, the trial court sentenced appellant to the maximum term of ten years in prison on each count with the sentences to be served concurrent with one another and concurrent with the sentences imposed for counts one through four. On gross sexual imposition counts thirty-eight through forty-one, the trial court sentenced appellant to the maximum term of eighteen months in prison on each count with the sentences to be served concurrent with one another and concurrent to the sentences imposed for counts one through thirty-seven. On gross sexual imposition counts forty-two through forty-five, the trial court sentenced appellant to the maximum term of five years in prison on each count with the sentences to be served concurrent to one another and concurrent to the sentences imposed for counts one through forty-one. The trial court also ordered that all of the aforementioned sentences were to be served consecutively to the sentence imposed upon appellant in a similar Trumbull County case.
 {¶ 6} This appeal followed and appellant was appointed appellate counsel. On December 30, 2005, appellate counsel filed a "no merit" brief (i.e., Toney brief) and asked to withdraw as counsel.
 {¶ 7} In State v. Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 11} "* * *
 {¶ 12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
 {¶ 13} As stated above, appellant's appointed appellate counsel filed a Toney brief on December 30, 2005. On March 29, 2006, this Court informed appellant that his counsel had filed aToney brief and granted him thirty days to file a brief raising any assignments of error. To date, appellant has not filed a pro se brief. However, appellant's appointed appellate counsel filed a supplemental brief on August 28, 2006 contesting the constitutionality of the consecutive sentences in light of the Ohio Supreme Court's holding in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Nonetheless, this opinion will proceed to independently examine the record to determine if the appeal is wholly frivolous.
 {¶ 14} Appellant pleaded guilty pursuant to a Crim.R. 11(F) agreement and was sentenced thereafter. Therefore, only two main areas of concern present themselves — the adequacy of the plea hearing and sentencing issues.
 {¶ 15} When determining the voluntariness of a plea, this Court must consider all of the relevant circumstances surrounding it. State v. Trubee, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing Brady v. United States (1970), 397 U.S. 742,90 S.Ct. 1463, 25 L.Ed.2d 747. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. State v. Martinez, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶ 11, citing Boykin v. Alabama
(1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.
 {¶ 16} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. Martinez, 7th Dist. No. 03-MA-196, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, and the right to compel witnesses to testify by compulsory process. State v.Tucci, 7th Dist. No. 01-CA-234, 2002-Ohio-6903, at ¶ 11, citingBoykin, supra; State v. Ballard (1981), 66 Ohio St.2d 473,478, 423 N.E.2d 115, fn. 4.
 {¶ 17} A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence."Martinez, supra, at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).
 {¶ 18} At the change of plea hearing, the colloquy between the court and appellant demonstrates that he voluntarily and intelligently entered his guilty plea.
 {¶ 19} The trial court strictly complied with Crim.R. 11(C)(2)(c) by informing appellant of the constitutional rights he was waiving by entering a guilty plea. The court informed appellant of his constitutional rights as follows:
 {¶ 20} "THE COURT: You do have important rights and those rights start with your right to a jury trial. Do you understand that?
 {¶ 21} "THE DEFENDANT: Yes, sir." (Tr. 7).
 {¶ 22} "THE COURT: All right. The State of Ohio would have to prove their case by calling witnesses. And Attorney Taylor would have a chance to cross examine every witness the prosecutor called. Do you understand that?
 {¶ 23} "THE DEFENDANT: Yes, sir.
 {¶ 24} "THE COURT: If you had any witnesses you wanted to call during your trial you could do that and you could have subpoenas issued requiring the appearance of those people at your trial. That is something called compulsory process. Do you understand that?
 {¶ 25} "THE DEFENDANT: Yes, sir.
 {¶ 26} "THE COURT: If this case went to trial, no one could ever force you to testify. And if you decided that you did not want to testify, nobody could say anything about that. Do you understand that?
 {¶ 27} "THE DEFENDANT: Yes, sir." (Tr. 9).
 {¶ 28} The court also substantially complied with Crim.R. 11(C)(2)(a) and (b). It informed appellant of the charge against him that the State would have to prove, including the specific elements of the crime as applied to the facts of his case. (Tr. 8). The court went on to explain to appellant the possible punishment he faced as follows:
 {¶ 29} "THE COURT: Do you understand that as to Counts 1 through 37 there's a maximum term of imprisonment of up to ten years on each count with a $20,000 fine?
 {¶ 30} "THE DEFENDANT: Yes, sir.
 {¶ 31} "THE COURT: Prison is mandatory in those cases. Do you understand that?
 {¶ 32} "THE DEFENDANT: Yes, sir.
 {¶ 33} "THE COURT: In Counts 42 and 43 there is a maximum term of up to five years on each count with a $10,000 fine, and prison is also mandatory for those offenses. Do you understand that?
 {¶ 34} "THE DEFENDANT: Yes, sir.
 {¶ 35} "THE COURT: And in Counts 38, 39, 40 and 41, and Counts 44 and 45, there's a maximum term of up to 18 months with a $5,000 maximum fine. Do you understand that?
 {¶ 36} "THE DEFENDANT: Yes.
 {¶ 37} "THE COURT: All right. If you add up — and I appreciate this from counsel — all of those sentences — if the Court were to impose consecutive sentences as to all of those counts, you would be looking at up to 389 years in prison with a maximum fine of up to $790,000. Do you understand that?
 {¶ 38} "THE DEFENDANT: Yes, sir." (Tr. 10-11).
 {¶ 39} Additionally, appellant acknowledged he had gone over the plea agreement and form with his trial counsel. (Tr. 15). After accepting appellant's plea, the court found that it had advised the defendant to the effect of his plea and that appellant entered the plea freely and voluntarily with full knowledge of its consequences. (Tr. 16).
 {¶ 40} Thus, the trial court complied with Crim.R. 11(C)(2)'s requirements by informing appellant of his rights and his potential sentence. Furthermore, to ensure that the appellant understood all the information the court presented to him, the court asked appellant to respond to questions. Appellant's responses proved that he had full knowledge of the consequences of a guilty plea. Nothing in the record indicates that appellant did not fully understand the consequences of a guilty plea.
 {¶ 41} Next, we will address an obvious sentencing issue — the consecutive sentences imposed by the trial court in light of the Ohio Supreme Court's recent decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In his supplemental brief, appellant's appointed appellate counsel raised the following sole assignment of error:
 {¶ 42} "THE TRIAL COURT ERRED IN RELYING ON THE UNCONSTITUTIONAL FACTORS CONTAINED IN R.C. 2929.14(E)(4),2929.19(B)(2) AND 2929.41(A) TO SENTENCE APPELLANT TO FORTY YEARS OF CONSECUTIVE SENTENCES HEREIN."
 {¶ 43} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to consecutive sentences, R.C. 2929.14(E)(4) is unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 44} The Court went on to hold that the unconstitutional provision could be severed. Id., paragraph four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 45} Here, the trial court sentenced appellant to consecutive sentences pursuant to R.C. 2929.14(E). The trial court also made the requisite findings attendant to R.C.2929.14(E). Specifically, the trial court found that consecutive sentences were necessary to protect the public and to punish appellant. The trial court also found that consecutive sentences were not disproportionate to appellant's conduct and the danger appellant poses. Additionally, the trial court found that harm was so great or unusual that a single term would not adequately reflect the seriousness of appellant's conduct. Lastly, the trial court noted appellant's criminal history. Therefore, pursuant toFoster, appellant's consecutive sentences must be reversed.
 {¶ 46} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings of fact prior to imposing (1) a nonminimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) penalty enhancements for repeat violent offenders or major drug offenders. The Court held that:
 {¶ 47} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 48} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 49} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 50} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 51} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. The Ohio Supreme Court in Foster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-___.
 {¶ 52} Accordingly, appellant's sole assignment of error is with merit.
 {¶ 53} The judgment entry of sentence of the trial court is hereby reversed and vacated in part as it relates to imposition of consecutive sentences and this matter remanded for resentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. The trial court's judgment regarding appellant's underlying conviction is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] In addition, it should be noted that appellant was sentenced after Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, but before State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.