OPINION
{¶ 1} Appellant Kimberly Kalasky appeals her felony prison sentence on the basis of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Appellee concedes that the sentence should be vacated and remanded for resentencing. Therefore, the judgment of sentence of the Mahoning County Court of Common Pleas is hereby vacated, and the case remanded for resentencing pursuant to Foster.
 {¶ 2} Appellant was indicted on August 18, 2005, on one count of failure to comply with the order of a police officer, a third degree felony under R.C. § 2921.22(B); one count of escape, a third degree felony under R.C. § 2921.34(A)(1); one count of aggravated robbery, a first degree felony under R.C. §2911.01(A)(1); and three counts of felonious assault, first degree felonies under R.C. § 2903.11(A)(2). Appellant was indigent and counsel was appointed for her.
 {¶ 3} Appellant eventually entered a negotiated plea of guilty to one count of failure to comply (a third degree felony); one count of robbery (reduced to a second degree felony); and three counts of assault (reduced to fourth degree felonies). The plea agreement noted that the maximum sentence possible in this case was seventeen and one-half years in prison. There was no joint recommendation as to punishment. The state recommended the minimum prison term for each count, to be served consecutively, for an aggregate prison term of four and one half years. After a sentencing hearing, the trial court filed its sentencing entry on January 30, 2006. The court sentenced Appellant to one year in prison for count one, failure to comply to the order of a police officer. This was the minimum prison term allowable for this count. The court sentenced Appellant to two years for the robbery count, which was also the minimum prison sentence. Appellant was also sentenced to one year for each of the three assault charges, which was more than the minimum prison term for a fourth degree felony. All terms were ordered to be served consecutively, for a total of six years in prison. The trial court found that the shortest prison term would demean the seriousness of the offense, pursuant to R.C. § 2929.14(B), and consecutive prison terms were necessary to protect the public from future crimes and to punish the offender. The court also found that the sentence was not disproportionate to the seriousness of the conduct or to the danger posed by the offender.
 {¶ 4} Appellant filed this timely appeal on February 22, 2006.
 {¶ 5} Appellant's sole assignment of error asserts:
 {¶ 6} "THE TRIAL COURT ERRED IN RELYING ON THE UNCONSTITUTIONAL FACTORS CONTAINED IN R.C. 2929.14(E)(4),2929.19(B)(2) AND 2929.41(A) TO SENTENCE APPELLANT TO SIX YEARS OF CONSECUTIVE SENTENCES HEREIN."
 {¶ 7} While this appeal was pending, the Ohio Supreme Court released Foster, which held that the felony sentencing provisions of the Revised Code relating to nonminimum (R.C.2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive sentences (R.C. 2929.14(E)(4)) are unconstitutional because they require judicial finding of facts not proven to a jury. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, followed.) The reason these statutory provisions are unconstitutional is because the Sixth Amendment of the United States Constitution, made applicable to the states through theFourteenth Amendment, guarantees the right to a trial by jury, which includes the requirement that a jury, rather than the judge who is imposing the sentence, make all factual findings essential to impose punishment for the crimes that form the basis of the conviction. Foster at ¶ 3.
 {¶ 8} It comes to our attention that Appellant does not appear to have raised the Sixth Amendment jury trial issue with the trial court. Some courts have treated the failure to raise the constitutional issue as a waiver of the issue on appeal, at least for cases in which the defendant was sentenced afterBlakely was announced on June 24, 2004. It is our conclusion that the Foster case has created an exception to the doctrine of waiver, and this Court has held that we will not bar the application of Foster due to the doctrine of waiver for defendants who were sentenced after Blakely was released, but before Foster was released, and who failed to raise theBlakely issues during the trial court proceedings. See Statev. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653.
 {¶ 9} Appellee has conceded that there is reversible error in this case. Since Appellant was sentenced to consecutive and nonminimum sentences under statutes found to be unconstitutional by the Ohio Supreme Court, and because her direct appeal was pending when Foster was released, we hereby vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster.
Donofrio, P.J., concurs.
Vukovich, J., concurs.