OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Michael Hogan, appeals the decision of the Mahoning County Court of Common Pleas that resentenced him for murder and aggravated robbery in the wake of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. On appeal, Hogan argues that the imposition of non-minimum, maximum, and consecutive sentences violates due process and the prohibition against ex post facto laws; that his counsel was ineffective for failing to object on these grounds; improperly appliesFoster retroactively; and, that it did not have the authority to order that the sentences be served consecutively. We rejected each of these arguments in State v. Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572. Accordingly, the trial court's decision is affirmed.
 {¶ 2} In this case, Hogan was tried to a jury and convicted of murder and aggravated robbery and sentenced to maximum, consecutive terms of imprisonment. On appeal, we rejected his argument that his sentence violated his right to a jury trial. However, Hogan appealed that decision to the Ohio Supreme Court. When the Ohio Supreme Court held that Ohio's felony sentencing scheme was unconstitutional inFoster, Hogan's case was reversed and remanded to the trial court for resentencing. On remand, the trial court held a new sentencing hearing and reimposed maximum, consecutive sentences.
 {¶ 3} In this appeal, Hogan raises four assignments of error.
 {¶ 4} The first three assignments of error argue:
 {¶ 5} "The trial court erred by imposing non-minimum, maximum, and consecutive sentences in violation of the Due Process and Ex Post Fact Clauses of the United States Constitution."
 {¶ 6} "Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of non-minimum, maximum, and consecutive sentences."
 {¶ 7} "The trial court committed plain error and denied Mr. Hogan due process of *Page 2 
law by imposing non-minimum, maximum, and consecutive sentences."
 {¶ 8} Hogan argues that his sentence violates due process and the prohibition against ex post facto laws and that his counsel was ineffective for failing to raise this issue at trial. According to Hogan, the Ohio Supreme Court's decision in Foster means that he is now open to greater punishment than he was before that decision.
 {¶ 9} We rejected these same arguments in Palmer, where we specifically concluded that resentencing under Foster "does not violate appellant's due process rights or the ex post facto clause." Id. at ¶ 76. We will not reconsider that decision now.
 {¶ 10} Because these arguments are meritless, counsel was not ineffective for failing to raise these arguments. In order for counsel to be ineffective, Hogan must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. Trial counsel's failure to raise meritless arguments does not prejudice the defense. Likewise, the court did not did not commit plain error since it merely followed the Ohio Supreme Court's mandate that Foster be applied to all cases "pending on direct review must be remanded to trial courts for new sentencing hearings." Id. at ¶ 104.
 {¶ 11} The Ohio Supreme Court's decision in Foster does not violate either due process or the constitutional prohibition against ex post facto laws. Accordingly, the arguments in Hogan's first three assignments of error are meritless.
 {¶ 12} In his fourth assignment of error, Hogan argues:
 {¶ 13} "The trial court did not have the authority to impose consecutive sentences."
 {¶ 14} Hogan contends that there is now no statute authorizing trial courts to impose consecutive sentences and that trial courts cannot impose consecutive sentences without explicit statutory authority to do so.
 {¶ 15} Hogan's argument ignores the Ohio Supreme Court's decision inFoster, which holds that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Furthermore, the common law vests trial courts with the *Page 3 
authority to impose consecutive sentences without a statute to the contrary. Williams v. State (1868), 18 Ohio St. 46. Hogan's argument in his fourth assignment of error is meritless.
 {¶ 16} In this case, the trial court had the authority to sentence Hogan to non-minimum, maximum, and consecutive sentences and doing so violates neither due process nor the prohibition against ex post facto laws. Accordingly, Hogan's four assignments of error are meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1