OPINION
{¶ 1} Appellant Kenneth Buggs appeals his felony sentence on one count of rape and one count of gross sexual imposition. The Mahoning County Court of Common Pleas sentenced him to the maximum consecutive term of thirteen years in prison. Appellant argues that the sentence should be vacated pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Foster held that a number of provisions in Ohio's felony sentencing statutes violate the Sixth Amendment right to trial by jury and are unconstitutional. Although Appellee believes that Appellant waived his Foster argument by not raising it at trial, this Court has recently held that Foster issues constitute an exception to the waiver doctrine and may be raised for the first time on appeal. State v.Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653. Sentencing occurred before Foster was released, and the trial court used prior felony sentencing requirements that are now unconstitutional. Therefore, Appellant's sentence must be vacated and the case remanded for resentencing. Appellant also argues that the sentencing judge made facetious comments about his religious beliefs during sentencing. Appellant's second assignment of error is rendered moot because the matter is being remanded for resentencing on other grounds.
 {¶ 2} Appellant was indicted on December 16, 2004, on three counts of rape of a child under 13, with a specification carrying a life sentence, and four counts of gross sexual imposition, which were third degree felonies. The charges arose from multiple incidents of sexual conduct and sexual contact with Appellant's two stepdaughters, who were eight and ten years old respectively when the crimes *Page 2 
occurred. Appellant was 52 years old when the crimes occurred. The record also indicates that he infected one of the children with a sexually transmitted disease.
 {¶ 3} On February 6, 2006, Appellant pleaded guilty to a reduced charge of attempted rape in count one, R.C. § 2907.02(A)(1), a second degree felony, and four counts of gross sexual imposition in counts four, five, six, and seven, R.C. § 2907.05(A)(4), third degree felonies. The sentencing hearing took place on February 7, 2006, which was approximately two weeks before the Ohio Supreme Court released theFoster decision. The trial court reviewed Appellant's lengthy list of prior convictions for burglary, receiving stolen property, theft, possession and manufacture of drugs, prostitution, and other crimes. The prosecutor recommended an eight-year prison term. The court made the findings previously required by R.C. § 2929.14(C) for imposing maximum prison terms, and made the findings previously required by R.C. §2929.14(E)(4) for imposing consecutive sentences. During the sentencing hearing, the court made several comments concerning the hypocrisy of Appellant holding himself out as a church senior deacon and "man of God" in order to sexually abuse two small children. The court stated: "You held a position of trust by virtue of the mother allowing you into the house because you were a man of God." (2/7/06 Tr., p. 21.) The judge was particularly incensed by Appellant's attempt to mitigate his sentence by showing that he completed numerous religiously-oriented classes while he was incarcerated. A number of very direct comments were made pointedly directed to aspects of Appellant's actions the court found particularly hypocritical. *Page 3 
 {¶ 4} On sentencing, the court allowed counts one, four, five and six to run concurrently, but required count seven to be served consecutively for a total prison term of thirteen years. This timely appeal followed on February 17, 2006.
 ASSIGNMENT OF ERROR NO. 1 {¶ 5} "THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM CONSECUTIVE PRISON TERMS ON DEFENDANT-APPELLANT KENNETH BUGGS BASED UPON R.C. §2929.14(C) AND R.C. § 2929.14(E)(4), WHICH WERE DECLARED UNCONSTITUTIONAL BY THE OHIO SUPREME COURT."
 {¶ 6} While this appeal was pending, the Ohio Supreme Court releasedFoster, which held that the felony sentencing provisions of the Revised Code relating to nonminimum (R.C. 2929.14(B)), maximum (R.C.2929.14(C)), and consecutive sentences (R.C. 2929.14(E)(4)) are unconstitutional because they require judicial finding of facts not proven to a jury. Foster, supra, paragraphs one and three of the syllabus. (Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621; Cunningham v. California (2007), 549 U.S. ___, ___ S.Ct. ___, ___L.Ed.2d ___ followed.)
 {¶ 7} The reason these statutory provisions are unconstitutional is because the Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees the right to a trial by jury, which includes the requirement that a jury, rather than the judge who is imposing the *Page 4 
sentence, make all factual findings essential to impose punishment for the crimes that form the basis of the conviction. Foster at ¶ 3.
 {¶ 8} Appellee argues that Appellant did not raise the Sixth Amendment jury trial issue with the trial court. Some courts have treated the failure to raise the constitutional issue as a waiver of the issue on appeal, at least for cases in which the defendant was sentenced afterBlakely was announced on June 24, 2004. See, e.g., State v.Silverman, 10th Dist. Nos. 05AP-837, 05AP-838, 05AP839, 2006-Ohio-3826, ¶ 139-141; State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820. We have recently settled this issue by concluding that the Foster case has created an exception to the doctrine of waiver. We held thatFoster issues were not waived for defendants who were sentenced afterBlakely was released, but before Foster was released, and who failed to raise the Blakely issues during the trial court proceedings. SeeState v. Buchanan, 7th Dist. No. 05 MA 60, 2006-Ohio-5653. Consistent with Buchanan, we have applied the remedy of a new sentencing hearing to a number of Foster cases in which the Sixth Amendment jury trial issue was raised for the first time on appeal. State v. Kalasky, 7th Dist. No. 06 MA 29, 2006-Ohio-6136; State v Pakulniewicz, 7th Dist. No. 05-MA-58,2006-Ohio-5654.
 {¶ 9} It is clear that the trial court relied on sentencing provisions which have been declared unconstitutional in order to impose maximum and consecutive sentences on Appellant, and the sentence is hereby vacated and the case remanded for resentencing.
 ASSIGNMENT OF ERROR NO. 2 *Page 5 {¶ 10} "THE TRIAL COURT DEPRIVED DEFENDANT-APPELLANT KENNETH BUGGS OF FUNDAMENTALLY FAIR SENTENCING PROCEEDINGS WHEN IT CONSIDERED HIS RELIGIOUS BELIEFS AND UNFOUNDED ASSUMPTIONS ABOUT HIM AT SENTENCING, THEREBY VIOLATING HIS RIGHT TO DUE PROCESS UNDER THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2
AND 16 OF THE OHIO CONSTITUTION."
 {¶ 11} Appellant contends that the trial court made facetious comments at sentencing about his religious beliefs, and that these comments violated his due process rights. Although this issue is moot because the case is being remanded for resentencing, it merits some consideration because it appears certain to arise again during resentencing.
 {¶ 12} R.C. § 2929.11 (C) states: "A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender." Neither is a sentencing judge permitted to make sentencing decisions based solely or even primarily on the judge's personal religious beliefs. State v.Arnett (2000), 88 Ohio St.3d 208, 219, 724 N.E.2d 793. Arnett pointed out that a sentencing judge may refer to the defendant's hypocrisy during sentencing, even religious hypocrisy, as it relates to the crime, without creating reversible error in sentencing. Id. In the instant case, the judge's comments about Appellant's religion had to do with the hypocrisy of asking the judge to mitigate the sentence based on his completion of religion and Bible study classes, when the *Page 6 
sexual assaults themselves arose out of Appellant's purported status as a religious leader. In essence, the judge was telling Appellant that she did not believe that religion classes indicated any type of reformed behavior because he had previously used his religious leadership position to facilitate his crimes. The trial judge's comments about religion were, in this sense, very relevant to sentencing.
 {¶ 13} Appellant is correct when he asserts that the sentencing judge should refrain from making facetious comments during sentencing. InTownsend v. Burke (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, the U.S. Supreme Court vacated a sentence partially due to facetious comments by the trial judge concerning the defendant's reason for receiving a stolen saxophone. The trial court joked that the defendant had accepted the stolen saxophone so that he could join the prison band.Townsend also had the added problem that the trial judge assumed the defendant had been convicted of receiving stolen goods, when in fact, the charge had been dismissed. These combined factors led theTownsend Court to find a due process violation.
 {¶ 14} In the instant case, the judge did not take into account crimes that were charged but were later dismissed, so Townsend does not appear to apply. Furthermore, there was nothing facetious about the trial judge's comments concerning Appellant's religion or his religion classes, in contrast to the clearly facetious comments inTownsend. In the case sub judice, the trial judge compared Appellant's mitigating evidence with the fact that the sexual assaults were the result of Appellant holding himself out as a religious leader. The trial judge expressed her *Page 7 
anger and indignation against what she perceived as preposterous mitigating evidence. While incarcerated, Appellant completed numerous Bible classes, and this could be viewed as a complete lack of remorse and failure to reform because his religious knowledge and authority were tools of his crime. This is how the trial judge seemed to interpret Appellant's mitigation evidence, and it is certainly a legitimate inference. There is nothing in the record that indicates any sense of facetiousness, and thus, no basis for finding a due process error in sentencing arising from facetious remarks. While the remarks were very pointed, and in some lights, very harsh, no error in sentencing occurred which arises solely from these remarks.
 {¶ 15} In conclusion, the trial court committed error under State v.Foster by relying on unconstitutional sentencing considerations, and Appellant's sentence is vacated. The case is remanded for resentencing. Based on the resolution of Appellant's first assignment of error, the second assignment of error is rendered moot.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1