OPINION
{¶ 1} Appellant Marcus Thomas appeals the imposition of consecutive sentences after he pleaded guilty to one count of murder and one count of aggravated robbery in the Mahoning County Court of Common Pleas. The appeal is based on the holding of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, which declared a number of Ohio's felony sentencing statutes to be unconstitutional. Appellant contends that the trial court relied on one or more unconstitutional statutes when it imposed its sentence. The record indicates that the trial judge specifically relied on R.C. 2929.14(B) in rendering its sentence, and this is one of the statutes that was declared unconstitutional inFoster. Therefore, we must vacate Appellant's sentence and remand the matter for resentencing.
 BACKGROUND OF THE CASE {¶ 2} Appellant was indicted on October 27, 2005, for aggravated murder, R.C. 2903.01(B), (D), and aggravated robbery, R.C.2911.01(A)(1), (B), both with gun specifications pursuant to R.C.2941.145(A). Appellant, along with co-defendant Jawan Johnson, were accused of robbing and murdering Matthew Saunders. The punishment for aggravated murder is either life in prison or death. R.C. 2929.02(A). The aggravated robbery charge was a first degree felony, punishable by five to ten years in prison. The gun specifications carried a mandatory three-year prison term. *Page 3 
 {¶ 3} Appellant waived his right to speedy trial, and trial was eventually scheduled for October 26, 2006. Prior to trial, Appellant entered into a Crim.R. 11 plea agreement. The state agreed to reduce the aggravated murder charge to simple murder, R.C. 2903.02(B), (D), which carries a prison term of 15 years to life. See R.C. 2929.02(B). Appellant agreed to plead guilty to murder and aggravated robbery, along with the gun specifications. The plea agreement is dated October 23, 2006. The court held a joint plea and sentencing hearing on October 23, 2006. At that time, the court accepted the plea, and sentenced Appellant to 15 years in prison for murder, five years for aggravated robbery, and three years for the gun specifications, all to be served consecutively. The judgment entries were filed on November 7, 2006, and this appeal followed on November 13, 2006. Appellant presents two assignments of error on appeal, which will be reviewed together.
 ASSIGNMENTS OF ERROR NOS. 1 AND 2 {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES FOR MURDER AND AGGRAVATED ROBBERY ON DEFENDANT-APPELLANT BY ENGAGING IN IMPERMISSIBLE JUDICIAL FACTFINDING IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR MURDER AND AGGRAVATED ROBBERY ON DEFENDANT-APPELLANT THAT ARE CONTRARY TO LAW." *Page 4 
 {¶ 6} Appellant pleaded guilty to one count of murder, one count of aggravated robbery, and two firearm specifications. The minimum prison term for the murder charge was 15 years. The minimum term for the aggravated robbery charge was five years. The mandatory prison term for the firearm specifications was three years to be served consecutively. The minimum prison term for this case would have been 18 years if the murder and robbery prison terms were served concurrently. However, the trial court ordered that all three prison terms be served consecutively, for an aggregate prison term of 23 years. Appellant is challenging this 23-year sentence, claiming that it was based on an unconstitutional sentencing process.
 {¶ 7} On February 27, 2006, the Ohio Supreme Court declared a number of Ohio felony sentencing statutes to be unconstitutional. One of those statutes was R.C. 2929.14(E)(4), which required the trial court to make certain findings before imposing consecutive sentences. The reason that this and other sentencing statutes were declared unconstitutional was because they violated the Sixth Amendment right to a jury trial. TheFoster Court reasoned that the right to trial by jury includes a determination that a jury, rather than the sentencing judge, must make all the factual findings essential to imposing punishment for the crimes that form the basis of the conviction. Foster at ¶ 3; State v.Buggs, 7th Dist. No. 06 MA 28, 2007-Ohio-3148. The sentencing statutes found to be unconstitutional were those requiring judicial factfinding in order to impose more than minimum sentences, maximum sentences, and consecutive sentences. Foster relied on the reasoning of a series of similar United States Supreme Court cases involving both state and federal sentencing *Page 5 
statutes. Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; United States v. Booker (2005), 543 U.S. 220, 125 S .Ct. 738, 160 L.Ed.2d 621; see also, Cunningham v. California (2007), 549 U .S. ___, 127 S.Ct. 856, 166 L.Ed.2d 856.
 {¶ 8} Since Foster excised the statutes requiring judicial factfinding, the sentencing judge now has full discretion to impose a sentence within the allowable range of sentences allowed by law. SeeState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. Although specific judicial factfinding is no longer required, the sentencing judge must still consider the overall purposes of sentencing set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C.2929.12, when sentencing an offender. Id. at ¶ 38. There is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria. State v. Polick (1995),101 Ohio App.3d 428, 431; State v. Gant, 7th Dist. No. 04 MA 252,2006-Ohio-1469, ¶ 60.
 {¶ 9} Appellant argues that the trial judge engaged in the very type of judicial factfinding that was overruled in Foster. Appellant contends that the trial judge made findings that were specifically derived from R.C. 2929.14(E)(4), which states:
 {¶ 10} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences *Page 6 are not disproportionate to the seriousness of the offender'sconduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two ormore of the multiple offenses so committed was so great or unusual thatno single prison term for any of the offenses committed as part of anyof the courses of conduct adequately reflects the seriousness of theoffender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added.)
 {¶ 14} Appellant argues that the trial court imposed consecutive sentences only after making findings that consecutive sentences were, "not disproportionate to the seriousness of the offender's conduct," and that, "the Defendant caused great harm to the victim." (11/7/07 J.E., p. 2.) Appellant contends that the language used by the trial court proves that the judge was relying on unconstitutional sentencing provisions. *Page 7 
 {¶ 15} This part of Appellant's argument is not persuasive.Foster did not prevent sentencing judges from considering any relevant sentencing factors, even sentencing factors that may have been listed in the statutes that were declared to be unconstitutional. Foster only eliminated the statutory requirement of judicial factfinding as a prerequisite to imposing certain types of sentences. We have recently held:
 {¶ 16} "After Foster, a sentencing court has discretion to consider any factors it finds relevant. * * * This is true regardless of whether such court-chosen factors happen to have been previously contained in the now-excised statutory provisions. * * * However, it is error and a violation of Foster to expressly cite and rely upon a statutory provision which was specifically found to be unconstitutional by the Ohio Supreme Court." State v. Moore, 7th Dist. No. 06-MA-60,2007-Ohio-1574, ¶ 9.
 {¶ 17} The record in this case does not contain any indication that the trial court was constrained by the judicial factfinding requirements of R.C. 2929.14(E)(4), and that statute is not cited in the sentencing judgment entry. The trial court did not indicate that it considered itself bound by any requirement to make specific findings of fact in order to impose consecutive sentences. We are fully aware, though, that a consecutive sentence is a more severe type of punishment. One would expect the trial court to consider various factors relating to the seriousness of the offense in determining whether to impose a more severe type of punishment. The degree of harm caused by a particular offense is part of the general sentencing guidelines, e.g. R.C.2929.12(B)(2), and common sense would dictate that the degree of harm would *Page 8 
normally be a part of a court's consideration when it determines whether or not to impose consecutive sentences. Appellant has not pointed to anything in the record to establish that the trial court relied on the former judicial factfinding requirement of R.C. 2929.14(E)(4) when it imposed consecutive sentences.
 {¶ 18} There is a clear indication in the record, though, that the trial court relied on and applied R.C. 2929.14(B) when handing down its sentence, and this statute was also declared unconstitutional inFoster. The trial court imposed more than a minimum sentence, "pursuant to R.C. 2929.14(B)". We have repeatedly held that a sentencing court violates Foster by rendering a sentence "pursuant to" R.C. 2929.14(B).Moore, supra, ¶ 12; State v. Mulholland, 7th Dist. No. 04-MA-160,2007-Ohio-600; State v. Profanchik, 7th Dist. No. 06-MA-143,2007-Ohio-6430; see also, State v. Pakulniewicz, 7th Dist. No. 05-MA-58,2006-Ohio-5654.
 {¶ 19} Appellee argues that any Foster-related error in this case was waived as part of the plea because Appellant specifically consented to judicial factfinding in his plea agreement. Foster recognized that there was no constitutional error relating to improper judicial factfinding during sentencing if the defendant consented to such factfinding, in effect, waiving the right to trial by jury regarding any sentencing enhancements: "`When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact-finding[.]" (Emphasis removed.) Foster at ¶ 31, quotingBlakely, supra, 542 U.S. at 310, 124 S.Ct. 2531, 159 L.Ed.2d 403. *Page 9 
 {¶ 20} Appellant's plea agreement states: "I HEREBY STIPULATE THAT THE JUDGE ALONE MAY MAKE ANY FACTUAL FINDINGS NECESSARY TO IMPOSE A SENTENCE FROM THE RANGE OF AVAILABLE SENTENCES[.]" (11/7/06 Plea Agreement, p. 2.) Given this waiver, Appellee contends that Appellant cannot now argue that the trial judge engaged in impermissible judicial factfinding.
 {¶ 21} Appellant, in response, submits that the state's waiver argument is invalid because a plea agreement cannot permit a judge to apply an unconstitutional statute, including the statutes that were declared to be unconstitutional in State v. Foster. At oral argument, here, Appellant cited to our recent decision in Profanchik, supra, 7th Dist. No. 06-MA-143, 2007-Ohio-6430, in support. Profanchik was decided post-briefing in this matter but before oral argument occurred. InProfanchik, we acknowledged that a defendant may stipulate to any facts relevant to sentencing, or may consent to the judge being the factfinder at sentencing. We further held, though, that a defendant, "could not consent to the court applying an unconstitutional and severed statute." Id. at ¶ 30.
 {¶ 22} The problem in Profanchik was that the trial judge's sentencing entry specifically stated that the court rendered the sentence, "pursuant to R.C. 2929.14(B)", even though this statute had been declared unconstitutional in Foster. The trial court specifically held that, "pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term." Id. at ¶ 16. It is not the court's reference to the sentencing factors found in R.C. 2929.14(B) that is *Page 10 
the error. It is the court's reliance on a requirement of judicial factfinding, when Foster eliminated any such requirement. This is the element of Foster that cannot be waived in a plea agreement.
 {¶ 23} In the instant case, the trial court's sentencing entry contains precisely the same language as that used inProfanchik. The court sentenced Appellant, "pursuant to R.C. 2929.14(B)", and also made the findings formerly required by R.C.2929.14(B). The court then imposed a greater than minimum sentence, apparently as a direct result of the requirements of R.C. 2929.14(B). The error that occurred in Profanchik is precisely the same error that occurred in the instant case, and therefore, we must vacate Appellant's sentence and remand the case for resentencing.
 {¶ 24} Appellant's argument is supported by the record and his assignments of error are sustained. Appellant's sentence is vacated, and the case is remanded to the trial court for resentencing pursuant toFoster.
Vukovich, J., concurs.
DeGenaro, P.J., dissents; see dissenting opinion.