OPINION
{¶ 1} Defendant-appellant, Timothy West, appeals his sixty-year sentence of imprisonment for six counts of rape of a child under thirteen years old in the Jefferson County Common Pleas Court upon resentencing after this court remanded pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. West advances three main arguments: (1) application of the Foster decision to his resentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law; (2) after Foster, there is no law authorizing consecutive prison terms; and (3) ineffective assistance of counsel at his resentencing.
 {¶ 2} West was indicted on six counts of rape of a child under thirteen years of age in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies. The victim was the twelve-year-old daughter of his live-in girlfriend whom he cared for and supervised when her mother was not at home. Following a jury trial, West was found guilty of all of those counts and was sentenced to maximum, consecutive sentences for an aggregate term of imprisonment of sixty years. West appealed his conviction and sentence to this court. This court affirmed his conviction in all aspects finding no merit to his arguments which included a defective indictment, that the prosecutor used improper evidence at trial, that he was tried for uncharged crimes, ineffective assistance of counsel, and challenges to the sufficiency and weight of the evidence. However, this court did reverse West's sentence pursuant to Foster and remanded for resentencing. State v. West, 7th Dist. No. 05 JE 57, 2007-Ohio-5240.
 {¶ 3} On October 15, 2007, the trial court resentenced West again to maximum, consecutive sentences for an aggregate term of imprisonment of sixty years. The court considered the purpose and principles of sentencing and balanced the seriousness and recidivism factors. The court found that the injury was exacerbated by the victim's age and that the victim suffered serious physical and psychological harm. The court also noted that West's relationship with the victim facilitated the offense; that West was the victim's stepfather, and therefore involved a family member; that the offenses were committed in the presence of another child *Page 2 
other than the victim; and that West used the threat of punishment to commit the offenses. Lastly, the court observed that West had a history of criminal convictions, had not responded favorably to sanctions previously imposed, showed no genuine remorse, and had not accepted responsibility for his actions. This appeal followed.
 {¶ 4} West raises three assignments of error. His first assignment of error states:
 {¶ 5} "The trial court denied Mr. West due process of law, by sentencing him to maximum and consecutive terms of imprisonment, in violation of the ex post facto doctrine. Fourteenth Amendment, Article I, Section X, United States Constitution. (October 15, 2007 Transcript, p. 12; October 15, 2007 Judgment Entry of Sentencing, p. 3)."
 {¶ 6} This court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, appeal not allowed by115 Ohio St.3d 1410, 2007-Ohio-4884, 873 N.E.2d 1315, that application ofFoster does not violate the ex post facto clause or a defendant's due process of law. Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced beforeFoster is the same as they face after Foster.
 {¶ 7} Accordingly, West's first assignment of error is without merit.
 {¶ 8} West's second assignment of error states:
 {¶ 9} "The trial court erred in sentencing Mr. West to serve consecutive prison terms. Fourteenth Amendment, United States Constitution; Section 16, *Page 3 
Article I, Ohio Constitution. (October 15, 2007 Transcript, p. 12; October 15, 2007 Judgment Entry of Sentencing, p. 3)."
 {¶ 10} Prior to Foster, there were only two statutes that implicated consecutive sentences. R.C. 2929.14(E)(4) required certain findings be made before a trial court could impose consecutive sentences upon a criminal defendant. Additionally, except as provided for in R.C. 2929.14(E)(4), R.C. 2929.41 set forth a presumption for concurrent sentences. Foster severed both these provisions of the revised code.
 {¶ 11} Since there is no longer statutory authority for imposition of consecutive sentences, he maintains that the trial court had no basis in law to impose consecutive sentences. In support, he argues that a sentencing court can only impose a sentence upon a criminal defendant that is authorized under the sentencing statutes. Citing State v.Smith (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, and State v.West (1993), 66 Ohio St.3d 508, 513, 613 N.E.2d 622.
 {¶ 12} Those cases are inapposite. Smith dealt with the suspension of the execution of a criminal sentence. The Court stated:
 {¶ 13} "Accordingly, we must reiterate that the courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' Municipal Court v. State, ex rel. Platter (1933),126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus. Accord State, ex rel.Gordon, v. Zangerle (1940), 136 Ohio St. 371, 16 O.O. 536,26 N.E.2d 190, paragraph six of the syllabus; see, also, Lakewood v. Davies
(1987), 35 Ohio App.3d 107, 519 N.E.2d 860; State, ex rel. Dallman, v.Court of Common Pleas (1972), 32 Ohio App.2d 102, 61 O.O.2d 97,288 N.E.2d 303. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. State, exrel. Dallman, v. Court of Common Pleas, supra, paragraph one of the syllabus; State v. Ellington (1987), 36 Ohio App.3d 76, 77,521 N.E.2d 504, 505." Smith, 42 Ohio St.3d at 61, 537 N.E.2d 198. *Page 4 
 {¶ 14} Smith held that the trial court did not have the inherent authority to suspend the execution of a sentence because the authority to do that was purely authorized by statute. West is distinguishable for the very same reason.
 {¶ 15} Moreover, this court has squarely addressed this issue inState v. Hogan, 7th Dist. No. 06 MA 152, 2007-Ohio-3334, at ¶ 15, where it held that "the common law vests trial courts with the authority to impose consecutive sentences without a statute to the contrary." As we observed in Hogan, that argument ignores the Foster decision where the Ohio Supreme Court held "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. TheFoster court also observed, "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at ¶ 105. Therefore, consecutive sentences are authorized under the current state of the law.
 {¶ 16} Accordingly, West's second assignment of error is without merit.
 {¶ 17} West's third assignment of error states:
 {¶ 18} "Timothy West was deprived of his right to the effective assistance of trial counsel. Sixth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution. (October 15, 2007 Transcript, pp. 1-12)."
 {¶ 19} West argues that his resentencing counsel was ineffective for failing to raise the ex post facto, due process, and consecutive sentencing issues detailed in his first and second assignments of error. Because these arguments are meritless, counsel was not ineffective for failing to raise these arguments. In order for counsel to be ineffective, West must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. "Trial counsel's failure to *Page 5 
raise meritless arguments does not prejudice the defense." State v.Hogan, 7th Dist. No. 06 MA 152, 2007-Ohio-3334, at ¶ 10.
 {¶ 20} Accordingly, West's third assignment of error is without merit.
 {¶ 21} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1