OPINION
{¶ 1} Defendant-appellant, Kenneth Buggs, appeals his 13-year consecutive prison sentence for one count of rape and one count of gross sexual imposition in the Mahoning County Common Pleas Court upon resentencing after this court remanded pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Buggs advances three main arguments: (1) application of the Foster decision to his resentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law; (2) after Foster, there is no law authorizing consecutive prison terms; and (3) ineffective assistance of counsel at his resentencing.
 {¶ 2} On December 16, 2004, Buggs was indicted on three counts of rape of a child under 13, with a specification carrying a life sentence, and four counts of gross sexual imposition, which were third degree felonies.[1] The charges arose from multiple incidents of sexual conduct and sexual contact with Buggs' two stepdaughters, who were 8 and 10 years old respectively when the crimes occurred. Buggs was 52 years old when the crimes occurred. The record also indicates that he infected one of the children with a sexually transmitted disease.
 {¶ 3} On February 6, 2006, Buggs pleaded guilty to a reduced charge of attempted rape in count one, R.C. 2907.02(A)(1), a second degree felony, and four counts of gross sexual imposition in counts four, five, six, and seven, R.C. 2907.05(A)(4), third-degree felonies. On sentencing, the court allowed counts one, four, five and six to run concurrently, but required count seven to be served consecutively for a total prison term of 13 years. Buggs appealed the sentence and this court reversed and remanded for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. State v. Buggs, 7th Dist. No. 06 MA 28,2007-Ohio-3148.
 {¶ 4} The trial court held a resentencing hearing on September 25, 2007, and reimposed the same 13-year sentence as before. The judgment entry of sentence *Page 2 
was filed on September 28, 2007. This appeal followed.
 {¶ 5} Buggs raises four assignments of error. Buggs' first and third assignment of errors can be addressed together. They state, respectively:
 {¶ 6} "The resentencing court erred by imposing maximum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, andFourteenth Amendments to the United States Constitution; Blakely v. Washington
(2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220. (September 28, 2007 Judgment Entry; September 25, 2007 Resentencing Hearing, pp. 9-12)."
 {¶ 7} "The resentencing court committed plain error and denied Mr. Buggs due process of law by imposing maximum and consecutive sentences.Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution. (September 28, 2007 Judgment Entry; September 25, 2007 Resentencing Hearing, pp. 9-12)."
 {¶ 8} This court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, appeal not allowed by115 Ohio St.3d 1410, 2007-Ohio-4884, 873 N.E.2d 1315, that application ofFoster does not violate the ex post facto clause or a defendant's due process of law. Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced beforeFoster is the same as they face after Foster.
 {¶ 9} Accordingly, Buggs' first and third assignments of error are without merit. *Page 3 
 {¶ 10} Buggs' fourth assignment of error states:
 {¶ 11} "The trial court did not have the authority to impose consecutive sentences. (September 28, 2007 Judgment Entry; September 25, 2007 Resentencing Hearing, pp. 9-12)."
 {¶ 12} Prior to Foster, there were only two statutes that implicated consecutive sentences. R.C. 2929.14(E)(4) required certain findings be made before a trial court could impose consecutive sentences upon a criminal defendant. Additionally, except as provided for in R.C. 2929.14(E)(4), R.C. 2929.41 set forth a presumption for concurrent sentences. Foster severed both these provisions of the revised code.
 {¶ 13} Since there is no longer statutory authority for imposition of consecutive sentences, Buggs maintains that the trial court had no basis in law to impose consecutive sentences. In support, he argues that a sentencing court can only impose a sentence upon a criminal defendant that is authorized under the sentencing statutes. Citing State v.Smith (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, and State v.West (1993), 66 Ohio St.3d 508, 513, 613 N.E.2d 622.
 {¶ 14} Those cases are inapposite. Smith dealt with the suspension of the execution of a criminal sentence. The Court stated:
 {¶ 15} "Accordingly, we must reiterate that the courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' Municipal Court v. State, ex rel. Platter (1933),126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus. Accord State, ex rel.Gordon, v. Zangerle (1940), 136 Ohio St. 371, 16 O.O. 536,26 N.E.2d 190, paragraph six of the syllabus; see, also, Lakewood v. Davies
(1987), 35 Ohio App.3d 107, 519 N.E.2d 860; State, ex rel. Dallman, v.Court of Common Pleas (1972), 32 Ohio App.2d 102, 61 O.O.2d 97,288 N.E.2d 303. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. State, exrel. Dallman, v. Court of Common Pleas, supra, paragraph one of the syllabus; State v. Ellington (1987), 36 Ohio App.3d 76, 77,521 N.E.2d 504, 505." *Page 4 Smith, 42 Ohio St.3d at 61, 537 N.E.2d 198.
 {¶ 16} Smith held that the trial court did not have the inherent authority to suspend the execution of a sentence because the authority to do that was purely authorized by statute. West is distinguishable for the very same reason.
 {¶ 17} Moreover, this court has squarely addressed this issue inState v. Hogan, 7th Dist. No. 06 MA 152, 2007-Ohio-3334, at ¶ 15, where it held that "the common law vests trial courts with the authority to impose consecutive sentences without a statute to the contrary." As we observed in Hogan, that argument ignores the Foster decision where the Ohio Supreme Court held "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. TheFoster court also observed, "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at ¶ 105. Therefore, consecutive sentences are authorized under the current state of the law.
 {¶ 18} Accordingly, Buggs' fourth assignment of error is without merit.
 {¶ 19} Buggs' second assignment of error states:
 {¶ 20} "Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the resentencing court's retroactive application of the Ohio Supreme Court's remedy in State v. Foster. (September 28, 2007 Judgment Entry; September 25, 2007 Resentencing Hearing, pp. 9-12)."
 {¶ 21} Buggs argues that his resentencing counsel was ineffective for failing to raise the ex post facto, due process, and consecutive sentencing issues detailed in his first and second assignments of error. Because these arguments are meritless, counsel was not ineffective for failing to raise these arguments. In order for counsel *Page 5 
to be ineffective, Buggs must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. "Trial counsel's failure to raise meritless arguments does not prejudice the defense." State v.Hogan, 7th Dist. No. 06 MA 152, 2007-Ohio-3334, at ¶ 10.
 {¶ 22} Accordingly, Buggs' second assignment of error is without merit.
 {¶ 23} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] Portions of the underlying facts and procedural history of this case are taken nearly verbatim from this court's decision dealing with Buggs' first, direct appeal in State v. Buggs, 7th Dist. No. 06 MA 28,2007-Ohio-3148. *Page 1