OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Debra Walker, appeals the May 2, 2008 judgment of the Mahoning County Court of Common Pleas that sentenced her to a five year prison term with a Tier III sexual offender designation. Walker argues that the trial court abused its discretion in its findings on Walker's chance of recidivism, and that the trial court erred in not adequately assessing Walker's competence prior to accepting her guilty plea.
 {¶ 2} Walker failed to object to any of the trial court's statements during her sentencing hearing, and the trial court did not commit plain error by considering mental health issues stated in Walker's presentence investigation report. Further, the maximum sentence imposed by the trial court was neither contrary to law nor an abuse of discretion. Finally, the trial court adequately inquired into Walker's understanding of her plea, and Walker did not demonstrate that she had overcome the presumption of her competence. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On September 13, 2007, Walker was indicted on two counts of Sexual Battery, in violation of R.C. 2907.03(A)(5), to which Walker pleaded not guilty, and was appointed counsel. The case was twice continued so that counsel could explore treatment options and find a treatment facility for Walker. On March 14, 2008, Walker pleaded guilty to one count of Sexual Battery, and the trial court accepted her plea subsequent to a Crim. R. 11 colloquy. Pursuant to plea negotiations, the State moved to dismiss Count Two of the indictment, and recommended a sentence of four years for the remaining count. The trial court dismissed the second count and ordered a presentence investigation. At Walker's May 1, 2008 sentencing hearing, the trial court imposed a sentence of five years for the single count of Sexual Battery, and noted the attachment of the Tier III sexual offender classification.
 Sentencing {¶ 4} In her first of two assignments of error, Walker asserts:
 {¶ 5} "The trial court over-stepped its limits and abused its discretion in its *Page 2 
sentencing of Appellant Debra Walker."
 {¶ 6} Walker asserts that the trial court made speculative unsubstantiated psychiatric presumptions in its assessment of Walker's likelihood of recidivism. At the sentencing hearing, the trial court referenced the presentence investigation report's indication that Walker had a diagnosis of pedophilia, with the trial court opining that it thought recidivism was almost guaranteed from such a diagnosis. Walker asserts that the trial court's inference was improper judicial fact-finding of a scientific nature. Additionally, Walker contends that the trial court abused its discretion by imposing a maximum sentence.
 {¶ 7} Although Walker has couched her argument in terms of abuse of discretion, Walker's argument primarily focuses on a specific instance of alleged improper judicial fact-finding, specifically, the following statement made by the trial court: "So I — since what you have given me here from the Mental Health Care finds a diagnosis of pedophilia, I believe that recidivism is almost guaranteed because I have never heard of any cure for pedophilia." However, at the time of her proceedings, Walker failed to object to the trial court's statements against which she now argues. A defendant's failure to raise issue with the trial court's statements during the sentencing hearing gives the trial court no basis upon which to make a proper ruling, and constitutes a waiver of the issue. State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2,880 N.E.2d 31, at ¶ 376-377, citing State v. Awan (1986), 22 Ohio St.3d 120,22 OBR 199, 489 N.E.2d 277, syllabus.
 {¶ 8} Due to Walker's waiver, her argument regarding the specific statements of the trial court is subject to a plain error analysis. Pursuant to Crim. R. 52(B), plain error is an error which was an obvious defect in the trial proceedings, and which affected the defendant's substantial rights. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240. If the trial court were to have abused its discretion in sentencing Walker, such an occurrence could theoretically rise to the level of plain error. However, as discussed infra, the trial court did not abuse its discretion. Therefore, there was no error, let alone plain error.
 {¶ 9} We now turn to her secondary argument, that the trial court abused its *Page 3 
discretion by imposing a maximum sentence. Walker contends the "incurability" of pedophilia is improper judicial fact finding (an argument we concluded she has waived) and therefore cannot be used by the trial court as a recidivism factor. She goes on to argue that because there are no other recidivism factors, the imposition of a maximum sentence was an abuse of discretion.
 {¶ 10} When reviewing a felony sentence, an appellate court first reviews the sentence de novo to ensure that the trial court clearly and convincingly complied with the applicable laws. State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4. If this inquiry is satisfied, we then review the trial court's decision for abuse-of-discretion. Id. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. Id. at ¶ 36; State v. Thomas, 7th Dist. No. 06 MA 185,2008-Ohio-1176, at ¶ 16. Id. An abuse of discretion, "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 11} Trial courts have the discretion to impose a sentence within the statutory range for the offense, and are not required to give reasons for imposing more than the minimum sentence. Kalish at ¶ 11, quoting State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at ¶ 100. Trial courts still must carefully consider all of the statutes that apply to the felony case, including R.C. 2929.11 and R.C. 2929.12, which provide guidance regarding the purposes of sentencing and factors indicating or counter-indicating the seriousness of the offense or the likelihood of recidivism. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, at ¶ 38. However, the record need not indicate anything beyond the fact that the trial court considered such statutes. State v. Jones, 7th Dist. No. 07 MA 159, 2008-Ohio-3336, at ¶ 14.
 {¶ 12} Walker pleaded guilty to a third degree felony violation, and the statutory range for a third degree felony is one to five years. R.C. 2929.14(A)(3). The trial court imposed a five year sentence, thus within the statutory range. The trial court also stated that it took the guidance of R.C. 2929.11 and R.C. 2929.12 into consideration. The trial *Page 4 
court's decision was thus not contrary to law.
 {¶ 13} At the sentencing hearing, a representative from the Rape Information and Counseling Program delivered the statement of the victim, Walker's adoptive son. The trial court also heard statements from Walker and counsel. The victim, who was nineteen years old at the time of the sentencing hearing, stated that he had been groomed to be Walker's sexual partner starting at the age of twelve. The victim also explained the severe psychological impact that Walker's actions have had on him. Counsel for Walker pointed out her mental health history, including her pedophilia diagnosis contained in the letter from Community Health Mental Health Care. The trial court noted that it considered the age difference between Walker and her son, the adoptive mother-son relationship, and the serious mental harm suffered by Walker's son as seriousness factors. The trial court stated that it also considered the vulnerable position of the victim, and the fact that the abuse had been ongoing for years, as recidivism factors.
 {¶ 14} Walker does not contest that she was diagnosed with pedophilia, nor does she argue that the trial court should have been barred from considering her diagnosis. The courts of this state have noted that pedophiles have very high rates of recidivism. See, e.g., State v.Eppinger, 91 Ohio St.3d 158, 160-162, 2001-Ohio-247, 743 N.E.2d 881. The trial court had significant discretion to consider any relevant factors that might be indicative of Walker's chance of recidivism pursuant to R.C. 2929.12(A), and the trial court's determinations thereof will be afforded great deference. The trial court stated that it considered the principles and policies behind sentencing, and fully considered the parties' statements and the presentence investigation report. The trial court's consideration of Walker's diagnosis was one among several reasons that the court cited for imposing its sentence. Thus the trial court did not commit an abuse of discretion by considering Walker's pedophilia as a recidivism factor in the context of her violation of R.C. 2907.03(A)(5). Moreover, it did not affect the outcome of Walker's sentencing and therefore was not an obvious error.
 {¶ 15} The trial court's consideration of Walker's pedophilia diagnosis as a recidivism factor, as well as the decision to impose a five year sentence pursuant to *Page 5 
Walker's guilty plea to one count of sexual battery, was neither contrary to law nor an abuse of discretion. With the absence of error, the trial court's actions did not rise to the level of plain error. Accordingly, Walker's first assignment of error is meritless.
Guilty Plea
 {¶ 16} For her second assignment of error, Walker asserts:
 {¶ 17} "The trial court erred in accepting Walker's guilty plea without at least cursory questioning as to her competency."
 {¶ 18} Walker argues that she presented indicia of incompetence at her change of plea hearing, and that the trial court did not adequately inquire into her mental state before accepting her guilty plea. Walker's argument regarding incompetence implies that her plea was not voluntary, knowing and intelligent.
 {¶ 19} In order for a plea to be voluntary, knowing and intelligent, a trial court must follow the mandates of Crim. R. 11. Before the trial court can accept a guilty plea, it must engage in a colloquy with the defendant to ensure that she understands the meaning and the ramifications of her plea. Crim. R. 11(C)(2). "If the defendant does not knowingly, intelligently, and voluntarily plead guilty to an offense, then the plea is void. A defendant is unable to knowingly, intelligently, and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him." State v. Doak, 7th Dist. Nos. 03 CO 15, 03 CO 31,2004-Ohio-1548, at ¶ 15 (internal citations omitted). Thus a defendant's legal incompetence would render her plea to be less than voluntary, knowing and intelligent.
 {¶ 20} A defendant is presumed to be competent to stand trial. R.C. 2945.37(G). The burden of rebutting this presumption and establishing incompetence is upon the defendant. State v. Williams (1986),23 Ohio St.3d 16, 19, 23 OBR 13, 490 N.E.2d 906. A defendant is incompetent to stand trial only if, "because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense." R.C. 2945.37(G). "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or *Page 6 
even psychotic and still be capable of understanding the charges against him and of assisting his counsel." State v. Vrabel, 99 Ohio St.3d 184,2003-Ohio-3193, 790 N.E.2d 303, at ¶ 29, quoting State v. Bock (1986),28 Ohio St.3d 108, 110, 28 OBR 207, 502 N.E.2d 1016.
 {¶ 21} A trial court is not required to sua sponte order a hearing on a defendant's competence, and the right to such a hearing when actually requested by the defendant only "rises to the level of a constitutional guarantee where the record contains sufficient indicia of incompetence."State v. Spivey, 81 Ohio St.3d 405, 410, 1998-Ohio-437, 692 N.E.2d 151
(internal citations omitted). Thus, absent a party's timely request to inquire into a defendant's competency, the trial court's decision to hold a competency hearing is discretionary. R.C. 2945.37(B).
 {¶ 22} Walker did not raise the issue of competency at any point prior to or during her plea, and accordingly, no competency determination was made. The only issue in the record that Walker points out on appeal is Walker's statement that she suffers from bipolar disorder, post traumatic stress disorder, depression and anxiety, and that she takes medication for the treatment of her mental health issues. The trial court inquired into Walker's mental health, and asked questions of her to ensure that it was not improperly affecting her decision to plead guilty.
 {¶ 23} Moreover, the trial court conducted an extensive Crim. R. 11 colloquy with Walker when it personally addressed her. The trial court verified that Walker reviewed and understood her plea agreement with her attorney, that she understood that her plea meant that she was making a total admission of guilt, and that the court had discretion in sentencing. The trial court explained to Walker the maximum and minimum penalties and other ramifications of the crime. The trial court verified that Walker understood the Constitutional rights she was relinquishing by pleading guilty. The trial court also verified that Walker understood the further ramifications of her sentence, including details about post-release control and the Tier III sexual offender designation. Walker indicated that she understood and agreed to everything discussed in the Crim. R. 11 colloquy.
 {¶ 24} The existence of a mental health issue does not alone satisfy Walker's *Page 7 
burden to prove incompetence, and there is nothing more in the hearing transcripts indicating legal incompetence. The burden was on Walker, not the trial court, to raise and prove incompetence. Walker's claims are insufficient to overcome the presumption of competence. Moreover, the record indicates that Walker manifestly understood the consequences of entering her guilty plea. The trial court addressed Walker personally as required by Crim. R. 11, and included all required components of the colloquy with Walker pursuant to Crim. R. 11(C). The trial court's colloquy with Walker was adequate to ensure that Walker's plea was knowing, voluntary and intelligent. Given the foregoing, Walker's second assignment of error is meritless.
 Conclusion {¶ 25} Walker did not demonstrate that the trial court's statements at sentencing amounted to plain error, nor did she demonstrate that the trial court's decision to impose a maximum sentence was contrary to law or an abuse of discretion. Additionally, Walker did not overcome the presumption of her competence, and did not demonstrate that her guilty plea was less than knowing, voluntary and intelligent. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs. *Page 1