[Cite as *State v. Ross*, 2011-Ohio-1136.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA31 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| STEVEN K. ROSS, | : | |
| | : | **RELEASED 02/28/11** |
| | | |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

David Reid Dillon, South Point, Ohio, for appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and W. Mack Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for appellee.
_____

Harsha, P.J.

**{¶1}** Steven Ross pleaded guilty to one count of vandalism. His appointed counsel advised this Court that he has reviewed the record and can discern no meritorious claims for appeal. Accordingly, under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel has moved to withdraw. We agree with appointed counsel that the proposed assignments of error have no arguable merit. However, after independently reviewing the record, we discovered that the trial court failed to properly impose postrelease control when it sentenced Ross. Thus, we remand this matter to the trial court for a hearing where the court can properly impose postrelease control under R.C. 2929.191. We grant appellate counsel's motion to withdraw and instruct the trial court to appoint new counsel to represent Ross at the R.C. 2929.191 hearing.

## I.  Facts

{¶2}    After Ross waived his right to indictment by a grand jury, the State charged him with one count of vandalism in a bill of information.  Ross pleaded guilty to the charge and the trial court sentenced him to six months in prison.  After the time for appeal expired, Ross filed a motion for leave to file a delayed appeal, which this Court granted.

## II.  Proposed Assignments of Error

{¶3}    In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw.  Id. at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal.  Id.  Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses.  Id.  Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if any arguably meritorious issues exist.  Id.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating federal constitutional requirements or it may proceed to a decision on the merits if state law so requires.  Id.  Alternatively, if the appellate court concludes that any of legal points are arguable on their merits, it must afford the appellant the assistance of counsel to argue the appeal.  Id.

{¶4}    Here, Ross' appointed counsel satisfied the requirements set forth in *Anders*, and appellant has not filed a pro se brief.  Accordingly, we will examine

appointed counsel's proposed assignments of error and the entire record to determine if this appeal lacks merit.  Appointed counsel raises the following proposed assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING DEFENDANT TO PRISON.

2. THE DEFENDANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.

### III.  Sentencing

**{¶5}**     In his first proposed assignment of error, appointed counsel contends that the trial court erred when it sentenced Ross to six months in prison.  In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio announced the standard for appellate review of felony sentences.  We must employ a two-step analysis.  First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶4.  If the sentence is not clearly and convincingly contrary to law, we review it for an abuse of discretion.  Id.

**{¶6}**     If the trial court's sentence is outside the permissible statutory range, the sentence is clearly and convincingly contrary to law.  *Kalish* at ¶15.  Although sentencing courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences[,]" *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus, they must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence.  *Kalish* at ¶13.

**{¶7}**     Here, the trial court convicted Ross of vandalism under R.C.

2909.05(B)(1)(b), a fifth-degree felony, and sentenced him to six months in prison.

Under R.C. 2929.14(A)(5), the range of statutory prison terms for a fifth-degree felony is

six to twelve months.  Therefore, the trial court imposed a sentence within the

permissible statutory range.  Moreover, at the sentencing hearing and in its judgment

entry, the court specifically noted that it considered R.C. 2929.11 and R.C. 2929.12.

Appointed counsel cites no failure of the trial court to comply with any other "applicable

rules and statutes," and we have found none from our review of the record.  Thus, there

is no arguable merit to a claim that Ross' prison sentence is clearly and convincingly

contrary to law.

{¶8}    Next, we examine whether the trial court might have abused its discretion

in selecting the length of Ross' sentence.  The term "abuse of discretion" implies that

the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v. Adams*

(1980), 62 Ohio St .2d 151, 157, 404 N.E.2d 144.  As we explained in *State v. Davis*,

Highland App. No. 06CA21, 2007-Ohio-3944, at ¶42:

> "'An "abuse of discretion" has * * * been found where a sentence is greatly
> excessive under traditional concepts of justice or is manifestly
> disproportionate to the crime or the defendant.  *Woosley v. United States*
> (1973), 478 F.2d 139, 147.  * * * Where the severity of the sentence
> shocks the judicial conscience or greatly exceeds penalties usually
> exacted for similar offenses or defendants, and the record fails to justify
> and the trial court fails to explain the imposition of the sentence, the
> appellate court's [sic] can reverse the sentence.  [Id.]  This by no means is
> an exhaustive or exclusive list of the circumstances under which an
> appellate court may find that the trial court abused its discretion in the
> imposition of [a] sentence in a particular case.'" [*State v. Elswick*, Lake
> App. No.2006-L-075, 2006-Ohio-7011], at ¶49, quoting *State v.
> Firouzmandi*, Licking App. No. 2006-CA-41, 2006-Ohio-5823, at ¶56.

{¶9}    Here, as the State points out, the trial court sentenced Ross to the

minimum sentence allowed by law for a fifth-degree felony.  Therefore, we fail to see

how the court abused its discretion in selecting the length of the prison term. Accordingly, we find no arguable merit in appointed counsel's first proposed assignment of error.

### IV.  Ineffective Assistance of Counsel

{¶10}  In his second proposed assignment of error, appointed counsel raises the issue of ineffective assistance of trial counsel.  In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial.  *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.  To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation.  *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶95.  To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different.  Id.  The appellant has the burden of proof on the issue of counsel's ineffectiveness because a properly licensed attorney is presumed competent.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶62.

{¶11}  Here, appointed counsel does not point to any specific deficiencies of trial counsel, nor did we find any in our review of the record.  Accordingly, we find no arguable merit in appointed counsel's second proposed assignment of error.

### V.  Independent Review of the Record

{¶12}  In our independent review of the record, we discovered that the trial court

failed to properly impose postrelease control. Prior to accepting Ross' plea, the court correctly notified him that postrelease control was optional for up to three years for his crime. See R.C. 2967.28(C). However, the court failed to mention postrelease control during Ross' sentencing. And while the court imposed it in the sentencing entry, the court failed to include the proper length of postrelease control for Ross' crime.

{¶13} We recognize that normally under *Anders* if we find that a nonfrivolous issue for appeal exists, we are to appoint new counsel for the appellant and afford new counsel the opportunity to argue on appeal. *Anders*, supra, at 744. However, given that the trial court clearly erred in imposing postrelease control, we conclude that judicial economy favors an immediate remand to the trial court for a R.C. 2929.191 hearing where the court can properly impose postrelease control. See generally *State v. Hilderbrand*, Adams App. No. 08CA864, 2008-Ohio-6526, at ¶26; *State v. McGhee*, Lawrence App. No. 04CA15, 2005-Ohio-1585, at ¶73.

{¶14} Accordingly, we grant appellate counsel's motion to withdraw, remand for a R.C. 2929.191 hearing, and instruct the trial court to appoint new counsel to represent Ross.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**