[Cite as *State v. Pierce*, 2011-Ohio-5353.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA10 |
| vs. | : | |
| LISA R. PIERCE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Timothy Young, Ohio Public Defender, and Melissa M.
Prendergast, Assistant Ohio Public Defender, 250 East
Broad Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE:      Colleen S. Williams, Meigs County Prosecuting Attorney,
and Matthew J. Donahue, Meigs County Assistant
Prosecuting Attorney, 117 West Second Street, Pomeroy,
Ohio 45769

_____

CRIMINAL APPEAL FROM COUNTY COURT
DATE JOURNALIZED: 10-11-11

ABELE, J.

{¶ 1}   This is an appeal from a Meigs County Court judgment of conviction and

sentence.   After a trial to the court, Lisa R. Pierce, defendant below and appellant herein, was

found guilty of: (1) two charges of violating a protective order in violation   of R.C. 2919.27(A);

_____

[1] Different counsel represented appellant during the trial court proceedings.

(2) assault in violation of R.C. 2903.13(A); (3) disorderly conduct in violation of R.C. 2917.11(A)(3); and (4) criminal trespass in violation of R.C. 2911.21(A)(4).  Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MS. PIERCE."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
>
> THIRD ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AND DEPRIVED LISA PIERCE OF DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED JUDGMENTS OF CONVICTION AGAINST HER IN THE ABSENCE OF SUFFICIENT EVIDENCE TO ESTABLISH GUILT."

**{¶ 2}**   On August 21, 2009, appellant's sister, Betsy Nicodemus, was awarded custody of appellant's eleven year old son.   The boy had previously been in the custody of his maternal grandmother, but after her death a new placement was needed.   The new custody arrangement apparently infuriated appellant, who then left a number of threatening messages on her sister's answering machine.   Later, appellant appeared at the Nicodemus home, pounded on the door and demanded her sister come outside.

**{¶ 3}**   A criminal complaint was filed on August 24, 2009 and charged appellant with domestic violence.   The court also issued a protective order and directed appellant to refrain from any contact with her sister.   Subsequent criminal complaints were filed against appellant

on September 8, 2009 and October 16, 2009 that charged her with violating that protective order.

{¶ 4}    Around the same time that appellant lost custody of her son, she also lost her boyfriend to another woman.   On September 26, 2009, appellant showed up at Tamara Statts' home to discuss the matter.   Statts refused to open the door, which prompted appellant to call her an "M-F-er" and a "pussy" and to beat the side of the house trailer, causing damage.   When Statts tried to restrain appellant, the two got into a fist fight.   Statts eventually pinned appellant to the ground until Sheriff's deputies arrived.

{¶ 5}    Three separate criminal complaints were filed on September 28, 2009 as a result of this incident that charged appellant as follows: (1) Case No. 09CRB706-01 charged assault in violation of R.C. 2903.13(A); (2) Case No. 09CRB706-02 charged disorderly conduct in violation of R.C. 2917.11(A)(3); and (3) Case No. 09CRB706-3 charged criminal trespass in violation of R.C. 2911.21(A)(4).

{¶ 6}    There does not appear to be a formal entry that consolidated all six cases, but nevertheless a bench trial on all charges was conducted on December 18, 2009.   Appellant denied that she was drunk or confrontational during these incidents.   With respect to her sister, appellant explained that she was simply trying to contact Nicodemus to arrange visitation with her son and got frustrated when she received no response.   A tape of the threatening phone messages that appellant left for her sister was played at trial and appellant admitted that her voice was on the recordings, but also explained that some of her behavior was caused by a psychiatric disorder.   As for her confrontation with Statts, appellant explained that she went there to retrieve some of her belongings that her ex-boyfriend took when the two separated.   Appellant characterized Statts as the aggressor during their confrontation claiming "she [Statts] was

fighting for her piece of ass[.]"

{¶ 7} At the conclusion of the bench trial, the trial court found appellant guilty in all charges except for a domestic violence charge. The trial court sentenced appellant as follows: (1) Case No. 09CRB657, six months in jail and a $500 suspended fine; (2) Case No. 09CRB706-1, six months in jail; (3) Case No. 09CRB706-2, thirty days in jail; (4) Case No. 09CRB706-3, a $100 fine; (5) Case No. 09CRB 729, six months in jail and a suspended $500 fine. The trial court ordered the jail sentences to be served consecutively, for an aggregate term of nineteen months. No appeal was immediately taken but, on June 21, 2010 this Court granted appellant leave to file a delayed appeal. The matter is now properly before us for review.

I

{¶ 8} Appellant asserts in her first assignment of error that the trial court abused its discretion both with regard to the jail sentences and the imposition of fines. The prosecution concedes the existence of error as to the various jail sentences, but argues that no prejudicial error exists as to the fines.

{¶ 9} Generally, appellate review of a trial court's sentence involves a two step process. State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶4. The first step requires us to ascertain whether the trial court complied with all applicable statues and rules. Id. If it did, the next step is to determine whether the court abused its discretion in imposing those sentences. Id.

{¶ 10} R.C. 2929.24(A)(1) states the maximum jail sentence that can be imposed for a first degree misdemeanor is one hundred eighty days. The trial court sentenced appellant to six months in jail for three first degree misdemeanors. However, six months is not the same as one

hundred eighty days because each month has a different number of days. State v. DeSalvo, Mahoning App. No. 06 MA 3, 2007-Ohio-1411, at ¶24; also see State v. Cole, Pickaway App. No. 09CA16, 2010-Ohio-4774, at ¶7, fn. 2 (wherein we cited the DeSalvo case with approval).[2] Thus, the trial court erred when it imposed the sentences in that manner.[3]

{¶ 11} In addition, R.C. 2929.41(B)(1) specifies that an aggregate jail term for misdemeanors cannot exceed eighteen months. In the case sub judice, the trial court's aggregate sentence was nineteen months and, thus, exceeded the statutory maximum. For these reasons, we agree that the court erred in sentencing appellant. Therefore, we vacate the sentences and remand the matter for re-sentencing.

{¶ 12} Appellant also argues that the trial court erred when it imposed suspended fines without considering whether community service was appropriate. This is a curious argument. Generally, error must be prejudicial before it is considered reversible. A suspended fine imposes no burden on appellant, whereas community service would be an extra burden to her once released from jail. In short, appellant benefits more from the trial court's alleged error than she would have if the court had imposed community service as she argues for in her brief.

{¶ 13} Fortunately, we need not address this issue. Our ruling that reverses the sentences, reverses all of the sentence, including all fines. Thus, we decline to address the

---

[2] To the extent State v. Slagle, Highland App. Nos. 10CA4 & 10CA5, 2011-Ohio-1463, at ¶10, is incompatible with our decision herein, it is hereby overruled.

[3] Because the trial court did not comply with the applicable sentencing statutes, we apply a de novo standard rather than an abuse of discretion standard as appellant argues in her brief. See State v. Walker, Mahoning App. No. 08MA103, 2009-Ohio-1503, at ¶10; State v. Watkins, Jefferson App. No. 07JE54, 2008-Ohio-6634, at ¶24.

propriety of the fines imposed as those issues are now moot.    The appropriateness of any and all fines may be reconsidered on remand.

{¶ 14} For these reasons, and to this extent only, we hereby sustain appellant's first assignment of error.

II

{¶ 15} Appellant asserts in her second assignment of error that she received constitutionally ineffective assistance from her trial counsel.    In particular, she claims that her counsel failed to argue that two exhibits should have been excluded from evidence and failed to object to the unlawful sentences.

{¶ 16} Addressing these arguments in reverse order, we have already ruled that the sentences must be vacated and these matters are remanded for re-sentencing.    Thus, any argument about trial counsel's failure to object to those sentences has been rendered moot.

{¶ 17} However, the issue we must address is whether counsel was ineffective for not objecting to the admission into evidence of two exhibits.    Those exhibits consisted of copies of protection orders issued against appellant to stay away from her sister.    Appellant contends that those orders have nothing to do with any of these cases and were irrelevant and by failing to seek the exclusion of those exhibits, trial counsel waived a "potentially meritorious issue."    We disagree.[4]

{¶ 18} Our analysis begins with the settled premise that a criminal defendant has a

---

[4] The exhibits to which this assignment of error is addressed are State's Exhibits 1 and 2.    State's Exhibit 1 is a certified copy of a protection order signed by Judge Crow from the Meigs County Common Pleas Court.    Although State's Exhibit 2 was, for some reason, omitted from the record of the case, we will assume appellant is correct and that (like state's exhibit 1) it is from another case.

constitutional right to counsel, and this right includes the right to effective assistance from counsel. McMann v. Richardson (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763; In re C.C., Lawrence App. No. 10CA44, 2011-Ohio-1879, at ¶10. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009–Ohio–6179, at ¶200. However, both prongs of the Strickland test need not be analyzed if a claim can be resolved under one of them.   State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52; also see State v. Saultz, Ross App. No. 09CA3133, 2011-Ohio-2018, at ¶19.   In other words, if it can be shown that an error, assuming arguendo that error exists, did not prejudice an appellant, an ineffective assistance claim can be resolved on that basis alone.

{¶ 19} To establish the existence of prejudice, a defendant must show a reasonable probability exists that, but for her counsel's alleged error, the result of the trial would have been different. See State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.   This is a difficult standard to meet and we are not persuaded appellant has met it here.

{¶ 20} First, as appellant notes in her own brief, trial counsel objected to the use of these exhibits at trial.   The court, however, overruled those objections.   Given that ruling, it is not clear that the court would have excluded those exhibits had counsel repeated his argument later in the case.

{¶ 21} Second, by admitting the exhibits the trial court found them relevant and the issue

of whether evidence is relevant generally rests in the trial court's discretion.   Kurfess v. Gibbs, Lucas App. No. L–09–1295, 2011-Ohio-2698, at ¶46.   Evidentiary rulings are typically not reversed absent an abuse of discretion. State v. DiCarlo, Scioto App. No. 09CA3301, 2010-Ohio-3759, at ¶12.   The phrase "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 22} We do not believe that the trial court's admission of those exhibits constitutes an abuse of discretion.   Thus, even if trial counsel sought to have them excluded and thereby preserved the alleged error for appeal, we do not believe that the issue would have been successful on appeal.

{¶ 23} Finally, and perhaps most important, we do not believe that the outcome of the trial would have been otherwise if the exhibits had been excluded.   Nicodemus and Statts both testified as to appellant's actions during the commission of these five offenses.   Mark Pierce, appellant's own son, even testified that his mother left a threatening message on his phone for his aunt.   With all of this in mind, we cannot conclude that the outcome of the trial would have been different had these two exhibits been challenged or excluded.

{¶ 24} Thus, we hereby overrule appellant's second assignment of error.

III

{¶ 25} Appellant's third assignment of error asserts that insufficient evidence supports her convictions for violating the protection orders.   Specifically, she argues that "[t]he only evidence the State offered to prove these two charges was the testimony of Betsy Nicodemus." We find no merit to this argument.

{¶ 26} When appellate courts review claims regarding the sufficiency of the evidence, they must look to adequacy of the evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt.   State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.   In other words, after viewing all of the evidence, and each inference reasonably drawn therefrom, in a light most favorable to the prosecution, would any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt?   State v. Were, 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio- 2762, at ¶ 132; State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34.   For the following reasons, we believe that sufficient evidence exists to convict appellant of these charges.

{¶ 27} The protection order issued in Case No. 2009CRB630 states that appellant is not to commit "further acts of abuse or threats of abuse."   It was also ordered that she not have any contact with her sister.   Case No. 09CRB657 alleged appellant violated that order on September 5, 2009.   Case No. 09CRB729 alleged appellant violated that order on October 13, 2009.   After the recording of the phone messages was played during the trial, the prosecution asked Nicodemus if some of that tape contained the "September 5[th] incident . . . phone calls[.]" Nicodemus answered affirmatively.   She was then asked if the audio tape also contained messages from the "October 13[th]" incident and, again, she answered "yes."   This is sufficient to show that appellant attempted to contact her sister in violation of the protective order.

{¶ 28} To the extent that appellant claims that this testimony is insufficient because it was uncorroborated, we find no merit to that assertion.   It is well settled that witness testimony concerning the commission of a crime does not require corroboration.   See e.g. State v. Merritt,

Jefferson App. No. 09JE26, 2011-Ohio-1468, at ¶22; State v. Ward, Richland App. No.

2010CA0026, 2010-Ohio-6462, at ¶62; State v. Thomas, Wayne App. No. 10CA0003,

2010-Ohio-6373, at ¶12.   This concept follows from the principle that the trier of fact must

determine issues of weight and credibility.   See State v. Dye (1998), 82 Ohio St.3d 323, 329,

695 N.E.2d 763; State v. Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721.   The

justification for this is obvious: the trier of fact (here, the trial court) is in a much better position

to view the witnesses, to observe their demeanor, gestures and voice inflections, and to use those

observations to weigh credibility.   See Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614

N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

Consequently, a trier of fact is free to believe all, part or none of the testimony of any witness

who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438;

Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.   In the case sub

judice, the trial court obviously found Nicodemus's testimony to be credible regarding the dates

on which the phone messages were left.   We see no reason to interfere with that determination.

For these reasons, we hereby overrule appellant's third assignment of error.

{¶ 29} Having sustained appellant's first assignment of error, the sentences imposed on

her are hereby vacated and the case remanded for re-sentencing consistent with this opinion.

Having found no merit in the other assignments of error, however, the trial court's judgment of

conviction is hereby affirmed.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND CASE
REMANDED FOR FURTHER

PROCEEDINGS CONSISTENT
WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part, and the case be remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:＿＿＿＿＿＿＿＿＿＿＿＿
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the

time period for further appeal commences from the date of filing with the clerk.