[Cite as *State v. Wiseman*, 2011-Ohio-6253.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MATTHEW D. WISEMAN, | : | |
| | : | **RELEASED  12/01/11** |
| | : | |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

John A. Bay, Bay Law Office, L.L.C., Columbus, Ohio, for appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.
_____
Harsha, P.J.

{¶1}   Matthew Wiseman appeals his felony sentence claiming that the trial court erred by imposing an aggregate 16 year sentence because it failed to consider the sentencing directives set forth in R.C. 2929.11(A).  He argues the ten year sentence recommended by the state would have better accomplished the purposes of felony sentencing.  However, Wiseman's sentence is not clearly and convincingly contrary to law.  And the record reveals that the trial court gave appropriate weight to the relevant statutory factors.  Accordingly, we find that the trial court did not abuse its discretion by imposing an aggregate 16 year sentence.

I. FACTS

{¶2}  As a result of a series of property crimes involving several businesses, the grand jury returned a 20 count indictment against Matthew Wiseman.  Subsequently, Wiseman pleaded guilty to four counts of breaking and entering, a felony of the fifth degree in violation of R.C. 2911.13, one count of theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(1) and (B)(1)(2), one count of aggravated arson, a felony of the first degree in violation of R.C. 2909.02(A)(1) and (B)(1)(2), one count of theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(1) and (B)(1)(2), and one count of vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(1)(a) and (E).  The trial court dismissed the remaining counts of the indictment.

{¶3}  At the sentencing hearing, the trial court rejected a jointly recommended ten year sentence and sentenced Wiseman to an aggregate 16 year prison term. Specifically, it sentenced him to 12 months imprisonment for each of his six fifth degree felony convictions, ten years imprisonment for his first degree felony conviction and 6 months imprisonment for his first degree misdemeanor conviction.  The trial court ordered that these sentences run consecutively, except for the first degree misdemeanor conviction, which was to run concurrently.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶4}  Wiseman presents one assignment of error for our review:

{¶5}  "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. WISEMAN TO A CUMLATIVE PRISON TERM OF 16 YEARS."

## III. WISEMAN'S SENTENCE

### A. Standard of Review

{¶6}   "[A]ppellate courts must apply a two-step approach when reviewing felony sentences.  First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶26.

### 1. Clearly and Convincingly Contrary to Law

{¶7}   In examining all applicable rules and statues, the trial court must consider R.C. 2929.11 and 2929.12 when imposing its sentence.  Id. at ¶13.  In addition, the sentencing court must also be guided by statutes that are specific to the case itself.  Id.  Although Wiseman does not explicitly argue his sentence is contrary to law, we will briefly conduct that analysis.

{¶8}   Wiseman was convicted of four counts of breaking and entering in violation of R.C. 2911.13, one count of theft, in violation of R.C. 2913.01(A)(1) and (B)(1)(2), and one count of vandalism, in violation of R.C. 2909.05(B)(1)(a) and (E), all felonies of the fifth degree.  R.C. 2929.14(A)(5) mandates that the prison term for a felony of the fifth degree shall be six, seven, eight, nine, ten, eleven or twelve months.  Wiseman was also convicted of aggravated arson in violation of in violation of R.C. 2909.02(A)(1) and (B)(1)(2), a felony of the first degree.  R.C. 2929.14(A)(1) mandates that the prison term for a felony of the first degree is three, four, five, six, seven, eight, nine or ten years.  Finally, Wiseman was convicted of theft in violation of R.C.

2913.02(A)(1) and (B)(1)(2), a misdemeanor of the first degree. The prison term for a misdemeanor of the first degree shall not exceed 180 days. R.C. 2929.24(A)(1).

{¶9} Here, the trial court's decision was not contrary to law. The sentencing entry confirms that the trial court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. It is also clear that each of Wiseman's sentences are within the prescribed statutory limits.[1] Accordingly, his aggregate sentence of 16 years is not clearly and convincingly contrary to law.

2. Abuse of Discretion

{¶10} Next, we must consider whether the trial court abused its discretion by sentencing Wiseman to an aggregate 16 year prison term. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotation marks omitted.) *Kalish*, supra, at ¶19.

{¶11} R.C. 2929.11(A) provides: "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.12(A) also provides that the trial court must consider the factors set forth in divisions (B) and (C) relating to the seriousness of the defendant's conduct, as well as

---

[1] In *State v. Pierce*, Meigs App. No. 10CA10, 2011-Ohio-5353, we held that "six months is not the same as [180] days because each month has a different number of days." Id. at ¶10. However, because Wiseman has not raised this issue on appeal and the misdemeanor sentence is concurrent to the longer felony sentences, we will not address this issue.

the factors set forth in divisions (D) and (E) relating to the likelihood of recidivism, along with any other relevant factors.

{¶12} R.C. 2929.11 and 2929.12 are not fact-finding statutes. *Kalish*, supra, at ¶17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes * * * the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶13} Wiseman argues that the trial court abused its discretion when it sentenced him to 16 years in prison because it ignored the sentencing directives set forth in R.C. 2929.11(A). He claims that the sentence does not encourage his rehabilitation and the recommended ten year sentence by the state "would have aptly served the purposes of felony sentencing."

{¶14} However, "[t]rial courts *have full discretion to impose a prison sentence* within the statutory range * * *." (Emphasis in original; internal quotation marks omitted.) *Kalish*, supra, at ¶11. Therefore, "[t]rial courts have the discretion to impose consecutive sentences without stating their reasons for doing so." (Internal quotation marks omitted.) *State v. Voycik*, 4th Dist. Nos. 08CA33 & 08CA34, 2009-Ohio-3669, at ¶23.

{¶15} After reviewing the record, we are unable to conclude that the trial court abused its discretion by imposing an aggregate 16 year sentence upon Wiseman. The record indicates that the trial court considered the principles and purposes of sentencing contained in, inter alia, R.C. 2929.11 and R.C. 2929.12. Moreover, at the sentencing hearing, the trial court found that Wiseman's crimes were more serious because he "caused psychological and serious harm to the victims." In addition there was economic

harm to all the victims, including property damage and stolen property. The court also found there were no factors present that made Wiseman's crimes less serious.

{¶16} The trial court also considered the factors that weighed in favor of recidivism. First, Wiseman has an extensive juvenile and adult criminal record. Second, Wiseman demonstrated a pattern of drug or alcohol abuse related to this offense. Finally, the trial court found that he has failed to respond to sanctions in the past. There were no factors present that made Wiseman "less likely to recidivate." The court made it clear that in imposing its sentence, it "has weighed the seriousness and recidivism factors and has considered the over-riding purposes of felony sentencing to protect the public from future crime by this offender and others, and the purpose to punish this offender, and has considered the need for incapacitating this offender and deterring the offender and others from future crime, and for rehabilitating the offender." The record indicates that the trial court properly considered the sentencing directives set forth in R.C. 2929.11(A) and gave careful consideration to the relevant statutory factors in R.C. 2929.12.

{¶17} Although Wiseman stresses the fact that the state agreed to a lesser sentence, a deviation from a jointly recommended sentence does not automatically constitute an abuse of discretion. It is undisputed that the trial court is not bound by the state's sentencing recommendation. *State v. Keyes*, 4th Dist. No. 05CA16, 2006-Ohio-5032, at ¶10. "No abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by a sentencing agreement and defendant fails to change his plea." (Internal quotation marks omitted.) Id. at ¶8.

{¶18}   Here, the trial court made clear to Wiseman before entering his guilty plea that "[i]f you plead guilty, and I accept the guilty plea, I and I alone will decide your sentence.  I will consider all of the factors contained in Chapter 2929 of the Revised Code.  I will have a pre-sentence investigation, a recommendation from the Probation Department, but sir, you very well may receive the maximum sentences prescribed by law."  Wiseman responded that he understood.  Therefore, it is apparent that the trial court fully forewarned Wiseman about the possible penalties for his crimes and it did not commit an abuse of discretion by imposing a sentence greater than the state's recommendation.

{¶19}   In sum, we find nothing in the court's sentence that shocks our judicial conscience, nor do we conclude the sentence is grossly disproportionate to the crimes and the defendant's criminal history.  See *State v. Ross*, Lawrence App. No. 10CA31, 2011-Ohio-1136, at ¶8.  Accordingly, we overrule Wiseman's assignment of error and affirm the judgment of the Washington County Court of Common Pleas.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Presiding Judge

**NOTICE TO COUNSEL**

   **Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**