[Cite as *State v. Westbrook*, 2012-Ohio-6292.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3455 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JOEY WESTBROOK, | : | |
| | : | **RELEASED 10/31/12** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecutor, and Pat Apel, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.

_____

Harsha, J.

**{¶1}** Joey Westbrook was convicted of various drug offenses and sentenced to 16 years imprisonment. His appointed appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), advising us that he has reviewed the record and can find no meritorious claims. As a result he has moved to withdraw from this case. We agree with counsel that the proposed assignment of error has no arguable merit and grant his motion to withdraw. Furthermore, after independently reviewing the record we find that no arguably meritorious issues exist. Accordingly, we affirm the trial court's judgment.

I. FACTS

**{¶2}** Joey Westbrook was convicted of various drug offenses and filed a direct appeal with this court. Accordingly, the trial transcripts in this case were forwarded to

the court on June 9, 2009.  We reversed the trial court's judgment in part and remanded the case for resentencing.  Upon remand, the trial court sentenced Westbrook to 16 years.

{¶3}    On June 23, 2011, Westbrook filed a motion for relief from judgment under Civ.R. 60(B), urging the trial court to reconsider its 16 year sentence.  However, the trial court construed Westbrook's motion as a petition for post-conviction relief under R.C. 2953.21 and Crim.R. 35.  The court found that the motion was untimely because it was filed more than 180 days after the trial transcripts were filed with this court.  Consequently, the trial court overruled his motion.  This appeal followed.

## II. PROPOSED ASSIGNMENT OF ERROR

{¶4}    "In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses.  Once these requirements have been satisfied, the appellate court must then fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating federal constitutional requirements or it may proceed to a decision on the merits if state law so requires.  Alternatively, if the appellate court concludes that any of [the] legal points are arguable on their merits, it must afford the appellant the assistance of

counsel to argue the appeal." (Citations omitted.) *State v. Ross*, 4th Dist. No. 10CA31, 2011-Ohio-1136, ¶ 3.

{¶5}   Here, Westbrook's appointed counsel has satisfied the requirements set forth in *Anders* and Westbrook has filed a pro se brief. Consequently, we will examine appointed counsel's proposed assignment of error, the pro se assignments of error and the entire record to determine if this appeal has arguable merit.

{¶6}   Appointed counsel raises one proposed assignment of error for our review:

{¶7}   1. "MR. WESTBROOK'S MOTION WAS IMPROPERLY DENIED."

### III. LAW AND ANALYSIS

{¶8}   Appointed counsel proposes that the trial court erred by construing Westbrook's motion filed under Civ.R. 60(B) as a motion for post-conviction relief and applying the time bar for that procedure. Counsel argues that because the criminal rules provide no express mechanism to allow a court to reconsider its sentence, Civ.R. 60(B) and its procedure were controlling here. Counsel claims the trial court incorrectly denied the motion as untimely under the criminal rule and R.C. 2953.21.

{¶9}   Crim.R. 57(B) states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

{¶10}  Under Civ.R. 60(B), the court may relieve a party from a final judgment for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(B); (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶11}  "[T]he plain language of Crim.R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure Exists."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 10.  However, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *Id.* at ¶ 12.

{¶12}  The Supreme Court of Ohio has held that when a defendant files a Civ.R. 60(B) motion "subsequent  to his direct appeal, claim[ing] a denial of constitutional rights, and s[eeking] reversal of the judgment rendered against him,"  the criminal rules provide a procedure for seeking that relief, a petition for post-conviction relief under Crim.R. 35.  *Schlee* at ¶ 12.  "Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim.R. 57(B) intends, because a procedure 'specifically prescribed by rule' exists, i.e., Crim.R. 35."  *Id.*  Crim.R. 35 sets forth the procedure by which criminal defendants can file petitions for post-conviction relief.  *Id.* at ¶ 11.

{¶13}  Here, the trial court was free to "recast" Westbrook's Civ.R. 60(B) motion as a motion for post-conviction relief under Crim.R. 35 because he claims a violation of his constitutional Due Process rights and seeks to modify his 16 year sentence.  In fact,

Westbrook concludes that his sentence should be modified based on the "constitutional questions" raised in his motion.  Accordingly, the trial court appropriately construed Westbrook's motion as a petition for post-conviction relief.  And because Westbrook filed the motion more than 180 days after the trial transcripts were filed with this court, it was untimely.  *See* R.C. 2953.2(A)(2).

**{¶14}**  In his pro se motion, Westbrook raises issues that could have been raised in his direct appeal, as they are all matters that were contained within the original record.[1]  He argues that: (1) his convictions are against the weight of the evidence and not supported by sufficient evidence; (2) the trial court allowed inadmissible hearsay; (3) his Due Process rights were violated; (4) the court abused its discretion; (5) his civil rights have been violated; and (6) "the offenses" are allied offenses of similar import.   In fact on direct appeal, Westbrook argued that several of his convictions should have merged for sentencing because they were allied offenses of similar import and we reversed his sentence in part on this basis.  *State v. Westbrook*, 4th Dist. No. 09CA3277, 2010-Ohio-2692, ¶ 64.

**{¶15}**  If a petitioner alleges errors that he raised on direct appeal or could have raised on direct appeal, then the doctrine of res judicata bars the claim for post-conviction relief. *State v. Bradley*, 4th Dist. No. 98CA2592, 1999 WL 198773 (Mar. 30, 1999), *5.  "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue

---

[1] Westbrook filed an Application for Reopening under App. R. 26(B) on April 19, 2012.  Because his appeal was still pending, we denied the application but deemed it his pro se response to counsel's *Anders* brief.

on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.  Because Westbrook had a prior opportunity to litigate the claims that he sets forth in his pro se arguments, they are also barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶16} In conclusion, we find no arguable merit in appellate counsel's proposed assignment of error and grant his motion to withdraw.  Likewise, there is no arguable merit in Westbrook's pro se assignments either.  And after reviewing the record for other potential errors, we can find no arguably meritorious issues for appeal.  Accordingly, we affirm the trial court's judgment.

                                                                JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. & Kline, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**